DORA PINES, Plaintiff, v. CONSOLIDATED BRIARWOOD ESTATES, ADALINE G. O'BRIEN, FLORENCE B. LUDEN, THOMAS F. MARTIN REALTY COMPANY, THOMAS F. MARTIN, MECHANICS AND TRADERS BANK OF BROOKLYN et al., Defendants.

(Supreme Court, Queens Special Term for Motions, January, 1916.)*

Costs— what is not a taxable disbursement — provision for searches not intended to cover charges for examination of title.

In an action to foreclose a lien upon property in Queens county the amount paid for a title company's search, which is virtually an examination of the title, is not a taxable disbursement.

MOTION for a retaxation of costs.

Herbert A. O'Brien, for defendants Adaline G. O'Brien and Florence B. Luden.

L. Claude Fottrell, for defendants Thomas F. Martin Realty Company and Thomas F. Martin.

Joseph G. Dean, for Mechanics and Traders Bank of Brooklyn, for motion.

Theodore I. Schwartzman, opposed.

CROPSEY, J. Motion to retax costs in foreclosure of tax lien. The clerk disallowed an item of $125 for searches paid the title company. Section 3256 of the Code of Civil Procedure makes amount paid for " searches " made by a title company a taxable dis-

* Received too late for insertion in proper place and reported upon request.— [REPR.

bursement in counties in which the office of county clerk or register is a salaried one. The provision, however, does not mean the charges for an examination of the title to the property. The search made in this case is virtually an examination of the title. Hence the item was properly disallowed. Furthermore, by the provisions of the act of the legislature relating to the county clerk of Queens county (the county in question) the fees to be charged by title companies are limited to " one-fourth of the fees now allowed by law to the county clerk for such service." Laws of 1912, chap. 540. These the clerk offered to tax.

Motion denied.